| | |
|---|---|
| JASON DANIEL McROBERTS, | ) Civil No. 1:16-cv-00086-GSA |
| | ) |
| Plaintiff, | ) **STIPULATION AND ORDER FOR THE** |
| | ) **AWARD AND PAYMENT OF** |
| v. | ) **ATTORNEY FEES AND EXPENSES** |
| | ) **PURSUANT TO THE EQUAL ACCESS** |
| NANCY A. BERRYHILL, Acting | ) **TO JUSTICE ACT, 28 U.S.C. § 2412(d),** |
| Commissioner of Social Security, | ) **AND COSTS PURSUANT TO 28 U.S.C. §** |
| | ) **1920** |
| Defendant. | ) |
| | ) |

IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Jason McRoberts be awarded attorney fees and expenses in the amount of Four Thousand Seven Hundred dollars ($4,700) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and costs in the amount of Four Hundred dollars ($400) under 28 U.S.C. § 1920.  This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920; 2412(d).

After the Court issues an order for EAJA fees to Jason McRoberts, the government will consider the matter of Jason McRoberts's assignment of EAJA fees to James Pi.  Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2529 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program.  After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Jason McRoberts, but if the Department of the Treasury determines that Jason McRoberts does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to James Pi, pursuant to the assignment executed by Jason McRoberts.  Any payments made shall be delivered to James Pi.

This stipulation constitutes a compromise settlement of Jason McRoberts's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise.  Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Jason McRoberts and/or James Pi including Binder and Binder may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of James Pi and/or Binder and Binder to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.


Respectfully submitted,

Dated: _August 23, 2017_          LAW OFFICES OF BINDER AND BINDER

By:    _/s/ James Pi_____
JAMES PI
Attorney for Plaintiff.


Dated: _August 23, 2017_          PHILLIP A. TALBERT
United States Attorney

By:    _/s/ Michael K. Marriott*_____
MICHAEL K. MARRIOTT
_* By email authorization on August 22, 2017_
Special Assistant United States Attorney
Attorneys for Defendant

**<u>ORDER</u>**

Plaintiff shall be awarded attorney fees and expenses in the amount of four thousand seven hundred dollars ($4,700) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and costs in the amount of Four Hundred dollars ($400) under 28 U.S.C. § 1920. Payment shall be made pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2529 (2010), and in accordance with the terms outlined in the above stipulation.

IT IS SO ORDERED.

Dated:  **August 26, 2017**          **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE